UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORAN MALCOM COLSTON,<br><br>Plaintiff,<br><br>v.<br><br>V. VORKULIN, et al.,<br><br>Defendants. | No. 2:21-cv-00542 DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated the plaintiff's rights under the First, Eighth, and Fourteenth Amendments. Before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and plaintiff's complaint for screening (ECF No. 1).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. Plaintiff will be given the option to proceed on his cognizable claims or to be given leave to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

////

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

////

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

////

**II.     Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

**III.    Allegations in the Complaint**

In his complaint plaintiff states that, at all relevant times, he was an inmate at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 1.) Plaintiff identifies what appears to be eighteen defendants in this action. (Id. at 1-3.)

In the complaint, plaintiff alleges the following: on an unknown date, plaintiff informed defendant correctional officers V. Vorkulin and V. Guerrero that he intended to file a complaint regarding his and other inmates' living conditions. (Id. at 5.) In response, defendants Vorkulin and Guerrero threatened to falsify rules violations against the plaintiff. (Id.) Plaintiff filed his complaint and "right after" defendants Vorkulin and Guerrero submitted three rules violation reports ("RVR") against the plaintiff which were "falsified with intentional misleading statements." (Id.)

On an unknown date, plaintiff contacted defendants Voukulin and Guerrero as well as defendant correctional sergeant Williams and requested to see a mental health professional. (Id. at 6.) "[Plaintiff] was suffering from extreme depression and anxiety as week as P.T.S.D. after

considering homicidal/suicidal thoughts" due to his father recently passing away. (Id.) Defendant Duke handcuffed the plaintiff and place him in a holding cell. (Id.) Defendants Voukulin, Guerrero, Williams, and Duke "refused to act and provide [plaintiff] his mental health needs." (Id.) A clinician was called to see plaintiff an hour and a half later. (Id.)

Plaintiff also claims that he and other prisoners are "singled-out for treatment" on the basis of their race. (Id. at 7.) Plaintiff alleges that defendants C. Elstan, J. Best, Tracy Hymas, and Bryan Holmes violated plaintiff's due process by colluding to ignore, discard, or gloss over plaintiff's formal complaints. (Id.) Specifically, plaintiff alleges that some of these defendants did not permit plaintiff to present "evidence to refute the false and misleading statements made against [plaintiff] which resulted in disciplinary action." (Id.) Plaintiff does not identify which defendants denied plaintiff the ability to present evidence.

Plaintiff requests punitive damages totaling four-hundred fifty thousand dollars ($450,000). (ECF No. 1 at 9.) Plaintiff also seeks "an investigation into the retaliatory, and code of silence green wall tactics applied at [MCSP] under CDW, Bryon Holmes," that CDCR not "let time expire intentionally" on plaintiff's appeals, and that defendants Voukulin and Guerrero "be fired from state service, including any other state agency involving corrections." (Id.)

**IV.   Does Plaintiff State a § 1983 Claim?**

   **A. First Amendment**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff has alleged sufficient facts to state a First Amendment retaliation claim against defendants Vorkulin and Guerrero. Plaintiff claims that the defendants told him they would write rules violations against him if he submitted a complaint about prison conditions. (ECF No. 1 at

////

5.) Plaintiff further claims that after he submitted a complaint, defendants filed three different rules violations against him that contained falsified information. (Id.)

It is well-established that inmates have a right to file grievances against correctional officers. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Plaintiff's allegations establish that defendants Vorkulin and Guerrero took an adverse action against him in response to the protected conduct of filing a grievance. Plaintiff also states that defendants Vorkulin and Guerrero threatened to write RVRs in order to remove plaintiff from his job and have him placed on "c-status." (ECF No. 1 at 5.) After plaintiff received the RVRs from defendants Vorkulin and Guerrero, "this came to fruition." (Id.) Given these consequences, the submission of RVRs against the plaintiff containing false information is sufficient to "chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69. Based on the allegations in the FAC, the actions of defendants Vorkulin and Guerrero were not intended to advance "a legitimate correctional goal." Id.

Given the above, plaintiff has alleged sufficient facts in the complaint to state a claim against defendants Vorkulin and Guerrero for retaliation in violation of his First Amendment rights.

### B. Eighth Amendment – Medical Needs

#### 1. Legal Standards for Medical Needs Claims

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical care, including mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to

evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must show that prison officials responded to the serious medical need with deliberate indifference. See Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a

plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### 2. Analysis of Medical Needs Claims

Plaintiff has not alleged sufficient facts to state a claim for deliberate indifference to serious medical needs. In the complaint, plaintiff's medical needs claim is based on a delay in providing plaintiff with access to mental health treatment. (ECF No. 1 at 6.) Plaintiff alleges that he requested to "see mental health" but was denied by defendants Vorkulin, Guerrero, Williams, and Duke. (Id.) As a result, plaintiff was delayed in seeing a clinician by an hour and a half. (Id.)

A delay in providing care can create a claim for deliberate indifference. Hutchinson, 838 F.2d at 393-94. However, to establish such a claim, the plaintiff must show that the delay was harmful. See Hallett, 296 F.3d at 745-46; Berry, 39 F.3d at 1057; McGuckin, 974 F.2d at 1059; Wood, 900 F.2d at 1335; Hunt, 865 F.2d at 200; Shapley, 766 F.2d at 407. Plaintiff alleges an hour and a half delay in providing medical care in this instance. (ECF No. 1 at 6.) While such a delay could theoretically be sufficient to establish a deliberate indifference claim, plaintiff has alleged no facts which establish that how he was harmed by this delay. (See Id.) As such, plaintiff has not alleged sufficient facts to establish deliberate indifference by the defendants to plaintiff's medical needs. See Hallett, 296 F.3d at 745-46.

As it is possible a cognizable claim exists, plaintiff will be given the option to amend his complaint to potentially state additional claims or defendants.

### C. Fourteenth Amendment Due Process and Equal Protection Claims

Plaintiff's alleged defendants violated plaintiff's Fourteenth Amendment rights. These allegations do not satisfy the linkage requirement.

In order to state a claim under § 1983 there must exist an actual connection or link between the defendant's actions and the deprivation of constitutional rights the plaintiff allegedly suffered. See Monell, 436 U.S. 658; Rizzo, 423 U.S. 362. The complaint must contain allegations that show a defendant performed, participated, or omitted to perform "an act which he is legally required to do" and that this contributed to the deprivation of plaintiff's rights. Johnson, 588 F.2d at 743.

The complaint only vaguely alleges that prisoners were discriminated against based on race and that numerous defendants conspired to prevent plaintiff from presenting evidence at disciplinary hearings. (ECF No. 1 at 7-8.) Plaintiff does not identify the acts or omissions of individual defendants which contributed to the denial of plaintiff's rights. Johnson, 588 F.2d at 743. As such, the allegations in the complaint are insufficient to satisfy the linkage requirement.

Plaintiff will be given the option of amending his complaint. In an amended complaint plaintiff must ensure that the facts alleged in the complaint identify the specific acts or omissions by each individual defendant which violated the plaintiff's rights. Id.

### AMENDING THE COMPLAINT

This court finds above that plaintiff alleged sufficient facts to state a cognizable claim against defendants Vorkulin and Guerrero for retaliation in violation of the First Amendment. However, plaintiff has not alleged sufficient facts to state any other claim. Plaintiff will be given the option to proceed on his cognizable claims or to file an amended complaint.

If plaintiff chooses to do so, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

////

9

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff states a cognizable First Amendment retaliation claim against defendants Vorkulin and Guerrero.

4. Plaintiff fails to state any other cognizable claims in the complaint.

5. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.

6. Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed. Plaintiff may use the form included with this order for this purpose.

7. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 23, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/cols0542.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KORAN MALCOM COLSTON,

    Plaintiff,

v.

V. VORKULIN, et al.,

    Defendants.

No. 2:21-cv-00542 DB P

PLAINTIFF'S NOTICE ON HOW TO PROCEED

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First Amendment Retaliation claim against CDCR Correctional Officers V. Vorkulin and V. Guerrero. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                      Koran Malcom Colston
                                      Plaintiff pro se

13